Allan CLEVENGER, Appellant,

v.

MINNESOTA DEPARTMENT OF CORRECTIONS; Dennis Benson, individually and in his official capacity as Chief Executive Officer (Warden) of the Minnesota Correctional Facility at Stillwater; Linda Harder, individu-

ally and in her official capacity as Unit Director of Health Services at the Minnesota Correctional Facility at Stillwater; David Crist, individually and in his official capacity as Associate Warden–Operation at the Minnesota Correctional Facility at Stillwater; and Kathy Dodge, individually and in her official capacity as Supervisor in Health Services at the Minnesota Correctional Facility at Stillwater, Appellees.

No. 98–2767.

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1999.

Filed July 27, 1999.

Ordered Published July 29, 1999.

Stephen Charles Fiebiger, Minneapolis, Minnesota, argued, for Appellant.

Mark B. Levinger, St. Paul, Minnesota, argued (Hubert H. Humphrey, III, on the brief), for Appellee.

Before RICHARD S. ARNOLD, JOHN R. GIBSON, and BOWMAN, Circuit Judges.

PER CURIAM.

In this employment-discrimination case, the plaintiff, Allan Clevenger, asserts that the defendants, including the Minnesota Department of Corrections, his former employer, discriminated against him on the basis of gender and disability. Plaintiff also claims that the defendants violated his right to free speech and to equal protection of the laws under the First and Fourteenth Amendments. The District Court[1] entered summary judgment for defendants, explaining its reasons in a full opin-

---

1. The Hon. James M. Rosenbaum, United States District Judge for the District of Minnesota.

ion delivered from the bench at the conclusion of oral argument on the motion.

Having reviewed the briefs and heard oral argument ourselves, we hold that the District Court did not err. Its opinion fully explains the appropriate result with respect to each of plaintiff's claims. We add only that we commend the District Court for delivering its opinion orally from the bench. This practice has the advantage of allowing the parties to know the result of a case without delay, and of enabling the Court to decide the case when the matter is still fresh in mind. Substantially for the reasons given in the District Court's opinion, we affirm. See 8th Cir. R. 47B.

Affirmed.

